FILED
CLERK, U.S. DISTRICT COURT

7/19/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ OMO _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.V. et al., | Case No. 2:21-cv-01889-MCS-PD |
| Plaintiffs, | **JURY INSTRUCTIONS** |
| v. | |
| CITY OF LOS ANGELES and COLIN LANGSDALE, | |
| Defendants. | |

1

**INSTRUCTION NO. 1**

**Duty of the Jury**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 2**

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 3**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consist of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.

**INSTRUCTION NO. 4**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 5**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NO. 6

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit may be received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means when you are deciding the case, you must not consider the evidence for any purpose.

**INSTRUCTION NO. 7**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### INSTRUCTION NO. 8

### Conduct of Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your

own. Do not visit or view any place discussed in this case, and do not use Internet programs or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 9**

**No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 10**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the envelope in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**INSTRUCTION NO. 11**

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 12**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

This case involves the shooting of Victor Valencia by City of Los Angeles Police Sergeant Colin Langsdale. The Plaintiffs are V.V., who is the minor child of the decedent, and Victor R. Valencia and Clara Quesada, who are the parents of the decedent. The Defendants are Colin Langsdale and the City of Los Angeles. Plaintiffs claim that the Colin Langsdale used excessive and unreasonable force against the decedent when he shot him and was negligent. Plaintiffs seek damages as permitted by law.

Defendants deny Plaintiffs' claims and contend the use of deadly force was reasonable and lawful under the circumstances.

# INSTRUCTION NO. 13

## Outline of Trial

Trial will proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for the defendants may cross-examine. Then Defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**INSTRUCTION NO. 14**

**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 15**

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

**INSTRUCTION NO. 16**

2

**What Is Evidence**

3  The evidence you are to consider in deciding what the facts are consist of:

4  (1) the sworn testimony of any witness;

5  (2) the exhibits which are received into evidence;

6  (3) any facts to which the lawyers have agreed; and

7  (4) any facts that I have instructed you to accept as proved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**INSTRUCTION NO. 17**

**What Is Not Evidence**

3   In reaching your verdict, you may consider only the testimony and exhibits

4   received into evidence. Certain things are not evidence, and you may not consider them

5   in deciding what the facts are. I will list them for you:

6   (1) Arguments and statements by lawyers are not evidence. The lawyers are not

7   witnesses. What they have said in their opening statements, closing arguments and at

8   other times is intended to help you interpret the evidence, but it is not evidence. If the

9   facts as you remember them differ from the way the lawyers have stated them, your

10   memory of them controls.

11   (2) Questions and objections by lawyers are not evidence. Attorneys have a duty

12   to their clients to object when they believe a question is improper under the rules of

13   evidence. You should not be influenced by the objection or by the court's ruling on it.

14   (3) Testimony that is excluded or stricken, or that you have been instructed to

15   disregard, is not evidence and must not be considered. In addition some evidence was

16   received only for a limited purpose; when I have instructed you to consider certain

17   evidence only for a limited purpose, you must do so and you may not consider that

18   evidence for any other purpose.

19   (4) Anything you may have seen or heard when the court was not in session is

20   not evidence. You are to decide the case solely on the evidence received at the trial.

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 18

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### INSTRUCTION NO. 19

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 20**

**Expert Opinion**

You have heard testimony from Roger A. Clark and Edward Flosi, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 21**

**Section 1983 Claims—Introductory Instruction**

Plaintiffs bring some of their claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**INSTRUCTION NO. 22**

**Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof**

In order to prevail on their § 1983 claim against Sergeant Langsdale, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1) Sergeant Langsdale acted under color of state law; and

(2) The acts of Sergeant Langsdale deprived Victor Valencia of his rights and/or Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Sergeant Langsdale was acting under color of state law.

If you find that Plaintiffs have proved each of these elements against Sergeant Langsdale, and if you find that Plaintiffs have proved all the elements they are required to prove under Instructions 23–24, your verdict should be for Plaintiffs on those claims. If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Sergeant Langsdale on those claims.

1

**INSTRUCTION NO. 23**

2

**Fourth Amendment—Unreasonable Seizure of Person—Excessive Force**

3     In general, a seizure of a person is unreasonable under the Fourth Amendment if
4 a police officer uses excessive force in defending himself or others. Therefore, to
5 establish an unreasonable seizure in this case, the plaintiff must prove by a
6 preponderance of the evidence that Sergeant Langsdale used excessive force when he
7 shot Victor Valencia.

8     Under the Fourth Amendment, a police officer may use only such force as is
9 "objectively reasonable" under all circumstances. You must judge the reasonableness
10 of a particular use of force from the perspective of a reasonable officer on the scene and
11 not with the 20/20 vision of hindsight. Although the facts known to the officer are
12 relevant to your inquiry, an officer's subjective intent is not relevant to your inquiry.

13     In determining whether the officer used excessive force in this case, consider all
14 of the circumstances known to the officer on the scene, including:

15     (1) the nature of the crime or other circumstances known to the officer at the time
16 the force was applied;

17     (2) whether Victor Valencia posed an immediate threat of death or serious bodily
18 injury to the safety of the officer or to others;

19     (3) the amount of time the officer had to determine the type and amount of force
20 that reasonably appeared necessary, and any changing circumstances during that period;

21     (4) the type and amount of force used;

22     (5) the availability of alternative methods to take Victor Valencia into custody;

23     (6) the number of lives at risk (motorists, pedestrians, police officers) and the
24 parties' relative culpability, i.e., which party created the dangerous situation, and which
25 party is more innocent;

26     (7) whether it was practical for the officer to give warning of the imminent use
27 of force, and whether such warning was given;

28

(8) whether it should have been apparent to the officer that the person he used force against was emotionally disturbed;

(9) whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

(10) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that Victor Valencia has committed or was committing a crime.

**INSTRUCTION NO. 24**

**Particular Rights—Fourteenth Amendment—Substantive Due Process**

Plaintiffs claim that Sergeant Langsdale deprived Victor Valencia of his substantive due process rights.

To show a violation of a substantive due process under the Fourteenth Amendment, Plaintiffs have the burden of proving that Sergeant Langsdale engaged in conduct that "shocks the conscience."

There are two standards that "shock the conscience." Which standard applies depends on whether actual deliberation was practical at the time Sergeant Langsdale used force against Victor Valencia. If the situation allows an officer to deliberate before acting, then actual deliberation is practical.

If actual deliberation was practical, then Plaintiffs must prove that Sergeant Langsdale acted with deliberate indifference when he used force against Victor Valencia. Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omission for the very purpose of causing harm with the knowledge that harm will result.

If actual deliberation was not practical, then Plaintiffs must prove that Sergeant Langsdale acted with a purpose to harm that was unrelated to a legitimate law enforcement objective.

**INSTRUCTION NO. 25**

**Battery by Peace Officer**

Plaintiffs claim that Sergeant Langsdale unnecessarily used deadly force against Victor Valencia under California state law. To establish this claim, Plaintiffs must prove all of the following:

(1) That Sergeant Langsdale used deadly force on Victor Valencia;

(2) That Sergeant Langsdale's use of deadly force was not necessary to defend human life;

(3) That Victor Valencia was killed; and

(4) That the use of deadly force by Sergeant Langsdale was a substantial factor in causing Victor Valencia's death.

Sergeant Langsdale's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Sergeant Langsdale at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Sergeant Langsdale or to another person.

A peace officer must not use deadly force against a person based only on the danger that person poses to himself, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter

how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Sergeant Langsdale and Victor Valencia leading up to the use of deadly force. In determining whether Sergeant Langsdale's use of deadly force was necessary in defense of human life, you must consider Sergeant Langsdale's tactical conduct and decisions before using deadly force on Victor Valencia and whether Sergeant Langsdale used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Sergeant Langsdale knew or had reason to know that the person against whom he used force was suffering from a physical, mental health, intellectual, or developmental disability that may have affected the person's ability to understand or comply with commands from the officer.

**INSTRUCTION NO. 26**

**Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that Sergeant Langsdale was negligent in using deadly force against Victor Valencia under California state law. To establish this claim, Plaintiffs must prove all of the following:

(1) That Sergeant Langsdale was a peace officer;

(2) That Sergeant Langsdale used deadly force against Victor Valencia;

(3) That Sergeant Langsdale's use of deadly force were not necessary to defend human life;

(4) That Victor Valencia was killed; and

(5) That Sergeant Langsdale's use of deadly force was a substantial factor in causing Victor Valencia's death.

The use of deadly force by Sergeant Langsdale was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Sergeant Langsdale at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Sergeant Langsdale or any other person.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time of the shooting, including the conduct of Sergeant Langsdale and Victor Valencia leading up to the use of deadly force. In determining whether

Sergeant Langsdale's use of deadly force was necessary in defense of human life, you must consider Sergeant Langsdale's tactical conduct and decisions before using deadly force against Victor Valencia and whether Sergeant Langsdale used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

**INSTRUCTION NO. 27**

**Comparative Fault of Victor Valencia**

Defendants claim that Victor Valencia's own negligence contributed to his death. To succeed on this claim, Defendants must prove both of the following:

(1) That Victor Valencia was negligent; and

(2) That Victor Valencia's negligence was a substantial factor in causing his death.

1

**INSTRUCTION NO. 28**

2

**Basic Standard of Care**

3       Negligence is the failure to use reasonable care to prevent harm to oneself or to

4   others.

5       A person, such as Victor Valencia, can be negligent by acting or by failing to act.

6   A person is negligent if that person does something that a reasonably careful person

7   would not do in the same situation or fails to do something that a reasonably careful

8   person would do in the same situation.

9       You must decide how a reasonably careful person would have acted in Victor

10  Valencia's situation.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 29**

**Apportionment**

If you find that the negligence of more than one person, including Sergeant Langsdale and Victor Valencia, was a substantial factor in causing Victor Valencia's death, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

**INSTRUCITON NO. 30**

**Causation—Substantial Factor**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**INSTRUCTION NO. 31**

**Causation—Multiple Causes**

A person's conduct may combine with another factor to cause harm. If you find that the conduct of Sergeant Langsdale was a substantial factor in causing harm to Victor Valencia, then Sergeant Langsdale is responsible for the harm. Sergeant Langsdale cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Victor Valencia's death.

**INSTRUCTION NO. 32**

**Bane Act**

Plaintiffs claim that Sergeant Langsdale intentionally interfered with Victor Valencia's civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiffs must prove all of the following:

(1) That Sergeant Langsdale acted violently against Victor Valencia to prevent him from exercising his constitutional right to be from excessive use of deadly force;

(2) That Sergeant Langsdale intended to deprive Victor Valencia of his right to be free from excessive force;

(3) That Victor Valencia was harmed; and

(4) That Sergeant Langsdale's conduct was a substantial factor in causing Victor Valencia's death.

**INSTRUCTION NO. 33**

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 34**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 35

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

## INSTRUCTION NO. 36

2

### Return of Verdict

3  A verdict form has been prepared for you. After you have reached unanimous
4  agreement on a verdict, your foreperson should complete the verdict form according to
5  your deliberations, sign and date it, and advise the bailiff that you are ready to return to
6  the courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28