UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:21-cv-01889-MCS-PD | Date  August 12, 2022 |
| Title  *V.V. et al. v. City of Los Angeles et al.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: OBJECTION (ECF NO. 100)**

Plaintiff V.V. objected to the Court's calculation of the damages award in the judgment. (Obj., ECF No. 100.) In the judgment, the Court reduced Plaintiff's damages on his wrongful death claims, including a battery claim, due to the comparative fault of the decedent. The Court relied on authority, cited in the CACI No. 407 Comparative Fault of Decedent model instruction, holding that "in wrongful death actions, the fault of the decedent is attributable to the surviving heirs whose recovery must be offset by the same percentage." *Atkins v. Strayhorn*, 223 Cal. App. 3d 1380, 1395 (1990). Plaintiff, however, points the Court to newer authority that clarifies this principle. This authority states that California Civil Code section 1431.2(a), the statutory basis for reducing damages based on comparative fault, "does not authorize a reduction in the liability of intentional tortfeasors for noneconomic damages based on the extent to which the negligence of other actors—including the plaintiffs, any codefendants, injured parties, and nonparties—contributed to the injuries in question." *B.B. v. County of Los Angeles*, 10 Cal. 5th 1, 29 (2020). The Court erred in reducing the liability of Defendants County of Los Angeles and Colin Langsdale based on comparative fault for the battery claim.

Plaintiff should have presented this issue in a motion under Federal Rule of Civil Procedure 59(e). In the interest of judicial economy, however, the Court will

issue an amended judgment awarding Plaintiff $2,020,000 for his state law wrongful death claims. Defendants, if they wish, may challenge this amended judgment by filing a motion under Rule 59(e).

**IT IS SO ORDERED.**