1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  E-mail: dalekgalipo@yahoo.com
   Renee V. Masongsong, Esq. (SBN 281819)
3  Email: rvalentine@galipolaw.com
   Ranhee Lee, Esq. (SBN 330979)
4  Email: rlee@galipolaw.com
   21800 Burbank Blvd., Suite 310
5  Woodland Hills, CA 91367
   Tel: (818) 347-3333
6  Fax: (818) 347-4111
7  *Attorneys for Plaintiff*

8

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11

12 V.V., a minor, by and through guardian   Case No. 2:21-cv-01889-MCS-PD
13 ad litem Rosalia Adan, individually and
   as successor in interest to Victor       *[Honorable Mark C. Scarsi]*
14 Valencia, deceased,
15                                          **UNOPPOSED *EX PARTE*
                                            APPLICATION FOR APPROVAL OF
16              Plaintiff,                  THE COMPROMISE OF THE
                                            CLAIMS OF MINOR PLAINTIFF
17        vs.                               V.V.; VERIFICATION BY ROSALIA
                                            ADAN**
18 CITY OF LOS ANGELES; COLIN
                                            [Declaration of Ranhee Lee and Exhibits
19 LANGSDALE,                               thereto, Proposed Orders and exhibits
                Defendants.                 thereto *filed concurrently herewith*]
20
21
22
23
24
25
26
27
28

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff V.V., by and through his guardian *ad litem*, Rosalia Adan, individually and as a successor in interest to Victor Valencia, deceased, hereby moves this Court by way of this *Ex Parte* Application for Approval of Compromise of the Claims of Minor Plaintiff V.V. ("Application") for an order approving the settlement of his claims and distribution of his settlement funds. Plaintiff and his guardian *ad litem*, Petitioner Rosalia Adan, make this Application pursuant to Central District Local Rule 7-19. The grounds for this Application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Ranhee Lee ("Lee Decl."), which is submitted concurrently herewith.

Prior to filing this *ex parte* application, Plaintiff V.V.'s counsel Ranhee Lee contacted Defendants' counsel to confirm that Defendants will not be opposing the instant Application. Defendants are represented by the Los Angeles City Attorney's office and can be contacted at: Cory M. Brente, Senior Assistant City Attorney, and Colleen R. Smith, Deputy City Attorney; 200 N. Main Street, 6th Floor, City Hall East, Los Angeles, California 90012; Tel: (213) 978-7027. Lee Decl. at ¶ 2. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the substance of this Application, including the proposed disbursement of funds. Lee Decl. at ¶ 3.

This Application seeks approval of the compromise of Plaintiff V.V.'s claims on an *ex parte* basis because V.V.'s guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity the interest rate for which is going to expire if this petition is heard as a regularly-noticed motion. For that reason, filing this Application as a regularly-noticed motion may cause a decrease in payment benefits to the minor plaintiff. Lee Decl. at ¶ 4. Further, the settlement was not formally approved until

on or around December 19, 2022.  Lee Decl. at ¶ 4.  This timing also precluded Plaintiff from filing this Application as a regularly-noticed motion.  Accordingly, Petitioner Rosalia Adan as guardian *ad litem* for minor plaintiff V.V. respectfully requests that this Court consider this Application on an *ex parte* basis. Lee Decl. at ¶ 5.

DATED: January 25, 2023                   LAW OFFICES OF DALE K. GALIPO

                                                   ____/s/ Ranhee Lee_____
                                                   Dale K. Galipo
                                                   Renee V. Masongsong
                                                   Ranhee Lee
                                                   *Attorneys for Plaintiff V.V.*

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF V.V.

# UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF V.V.

## I. INTRODUCTION

Plaintiff V.V., by and through his guardian *ad litem*, Rosalia Adan, individually and as a successor in interest to Victor Valencia, deceased, hereby submits this *ex parte* application and proposed order for approval of the compromise of the claims of minor Plaintiff V.V. ("Application"), and requests that this Honorable Court approve the proposed distribution of Plaintiff V.V.'s funds.

The instant claims of Plaintiff V.V. arose out of the use of deadly force against Victor Valencia ("the decedent") on January 11, 2020 by City of Los Angeles Police Department Sergeant Colin Langsdale ("Sgt. Langsdale"). Plaintiff V.V. is the decedent's biological child and his lawful successor in interest. The trial began on July 12, 2022, and the jury reached a verdict in Plaintiff V.V.'s favor in the amount of $2,165,000 on July 19, 2022. On August 12, 2022, the judgment was entered for $2,165,000 in damages. Pursuant to Federal Rule of Civil Procedure 54(d)(1) and (2), reasonable statutory attorneys' fees and costs as may be awarded by the court. Following the jury verdict, the parties met and conferred with respect to Plaintiff's anticipated motion for statutory attorneys' fees and Defendants' anticipated post-trial motion. During the meet and confer process, Plaintiff's counsel indicated their statutory attorneys' fees to be approximately $800,000 without a multiplier. As indicated in Plaintiff's motion for attorneys' fees filed, the statutory attorneys' fee amounts to approximately $ 1.1 million with 1.5 multiplier. Plaintiff's counsel agreed to resolve the case for the full amount awarded by the jury and agreed to a significant reduction in statutory attorneys' fees as part of the settlement, based on several mediations conducted by Richard Copeland on or around September 28, 2022 subsequent to the jury verdict. The settlement was formally approved by the Defendant City's proper authorities on or around December 19, 2022. The Stipulation for Settlement agreement obligates Defendant

City of Los Angeles to pay to Plaintiff V.V. and his attorneys of record $2,500,000. The gross settlement amount of $2,500,000 includes the total amount of the jury award of $2,165,000 and the significantly reduced statutory attorneys' fee of $335,000.  Lee Decl. at ¶ 6.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors.  Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).  In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel.  If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other

rules requiring disclosure of various pertinent facts.  California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952."

Pursuant to the above California rules, Plaintiff V.V. and his attorneys make the following disclosures:

1. The Petitioner is Rosalia Adan, guardian *ad litem* for minor plaintiff V.V.  Plaintiff V.V. is represented by the Law Offices of Dale K. Galipo.

2. Plaintiff V.V. is male.  He was born in 2012.  Plaintiff V.V. is the biological son of the decedent in this case, Victor Valencia.

3. The nature of Plaintiff V.V.'s claims in this lawsuit is set forth in the operative complaint and the final pretrial conference order filed in this action.  Plaintiff V.V.'s claims were tried on their merits in July 2022, and the jury awarded $2,165,000 prior to Plaintiff V.V. agreeing to settle his claims in September 2022.  As part of the settlement in September 2022, Plaintiff's counsel agreed to significant reduction to the statutory attorneys' fees.  The settlement agreement does not affect the amount owed to Plaintiff V.V. Lee Decl. at ¶ 7.

4. Plaintiff V.V.'s damages in this case arise from (1) the injuries suffered by the decedent, for which Plaintiff V.V. can recover survival damages as a successor in interest; and (2) Plaintiff V.V. individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).  Lee Decl. at ¶ 8.

5. Medical treatment and medical billing are not relevant.  Plaintiff V.V. has not received medical treatment in connection with this case.

6. The gross settlement amount of $2,500,000 includes the total amount of the jury award of $2,165,000 and the significantly reduced statutory attorneys' fee of $335,000.

7. Plaintiff's attorneys are requesting contingency attorneys' fees in the amount of 40 percent of the jury award of $2,165,000, which is $866,000. Lee Decl. at ¶ 9. The contingency retainer agreements between Plaintiff V.V. by and through his guardian *ad litem* Rosalia Adan and his respective attorneys provide for a 40 percent contingency fee. Lee Decl. at ¶ 10.

8. Plaintiff's attorneys are also requesting reimbursement of advanced litigation costs in the total amount of $16,757.40. Lee Decl. at ¶ 11.

9. Under the existing retainer agreements, Plaintiff's attorneys are due a 40 percent attorney recovery fee, plus reimbursement of advanced litigation costs. The contingency attorney fee award in this case is clearly justified, including by: the $2,165,000 verdict in Plaintiff's favor; attorney Dale K. Galipo's skill and experience in the civil rights field; two associate attorneys assigned to this case, including an experienced senior associate, Renee V. Masongsong; the difficulties and complexities of this case; the risk assumed by Plaintiff's counsel; and the time and expense of conducting the trial of this matter and opposing Defendants' post-trial motions after receiving a verdict in Plaintiff's favor. Plaintiff litigated this case for approximately one and a half years, and Defendants essentially made no settlement offer, forcing the case to trial. Plaintiff's attorneys devoted significant time to this case in order to achieve the verdict in Plaintiff's favor, including but not limited to: conducting extensive written discovery, which entailed multiple meet-and-confer efforts and over forty hours spent reviewing and analyzing audio/video recordings and thousands of pages investigative reports and photographs; conducting and/or participating in shooting officer deposition; investigating witnesses' whereabouts; retaining a police practices expert and preparing to cross-examine the expert witnesses disclosed by Defendants; filing motions *in limine*; preparing for the trial, and trying the case; opposing Defendants' post-trial motion; and participating in mediations. Lee Decl. at ¶12.

This case involved a substantial amount of risk and time, especially because this is a civil rights case where the Defendant City had all the information about the officer-involved shooting incident since the day of the incident, and the Plaintiff had to initiate the lawsuit to get information from the Defendant City as to what happened.  If Plaintiffs' attorneys were not awarded a significant compensatory fee in difficult civil rights cases of public importance, then attorneys would not be able to take such cases.  In turn, plaintiffs such as V.V. would not be able to attract competent counsel who could achieve similar results.  Moreover, in this case, Plaintiff's attorneys are specialized in civil rights cases with decades of experience in this area of law which make their time on the case extremely valuable.  This is especially so given that Dale K. Galipo was the lead trial counsel in this instant case.  Mr. Galipo's role was instrumental in prevailing at trial in that he has prevailed in approximately twenty jury trials in the last approximately five years.  In year 2019, the Honorable Cormac K. Carney awarded Mr. Galipo an hourly rate of $1,000 under 42 U.S.C. § 1988 in the excessive force case where the plaintiffs prevailed and obtained a $3.4 million dollar jury verdict.  In early of year 2020, the jury awarded Mr. Galipo's clients a verdict of $4.5 million, and the judge of the case, the Honorable Philip Gutierrez, awarded Mr. Galipo an hourly rate of $1,100 in ruling on the statutory attorney fees motion brought post-trial pursuant to 42 U.S.C. § 1988.  Several other courts have also awarded an hourly rate of $1,100 for Mr. Galipo's statutory attorney fees, including the Honorable Jesus G. Bernal in the case *French v. City of Los Angeles* in October 2021 where the jury awarded the plaintiffs in that matter $17,002,000 at trial.  Accordingly, Plaintiff V.V. and his attorneys submit that Plaintiff's attorneys are deserving of the requested 40 percent contingency attorney recovery fee in this case with respect to V.V.'s portion of the jury award. Lee Decl. at ¶ 13.

10.   As stated above, the gross amount of the settlement is $2,500,000, including $335,000 in statutory attorney's fees which amounted to a significant

reduction of statutory fees.  Also as indicated above, the proceeds apportioned for minor Plaintiff V.V. and his attorneys is $2,165,000 which is the same amount that the jury awarded. After deducting requested contingency attorneys' fees of $866,000 and costs in the amount of $16,757.40 with respect to the jury award as agreed in the retainer agreement, the total net settlement proceeds to V.V. is $1,282,242.60.  Lee Decl. at ¶ 14.

11.  It is requested that $1,282,242.60 be used to fund a structured settlement annuity for Plaintiff V.V.  As part of the structured settlement, Petitioner Ms. Adan chose a Proposal which is attached as "Exhibit A" to the Declaration of Ranhee Lee.  Under the proposal set forth in "Exhibit A," the total amount that Plaintiff V.V. shall directly receive after the final payment is made to him in 2047 is $2,930,000.  Lee Decl. at ¶ 15

12.  V.V.'s guardian *ad litem*, Petitioner Rosalia Adan, has reviewed the proposed annuity and disbursement schedules for V.V. set forth in "Exhibit A" and believes that the proposal set forth in "Exhibit A" is in the best interest of V.V.  Lee Decl. at ¶ 16.

13.  The moving guardian *ad litem* Rosalia Adan has no claims against Defendants in connection with the subject incident.

14.  The moving guardian *ad litem* Rosalia Adan does not have any claims against Plaintiff V.V. in connection with the subject incident.

15.  California Welfare and Institutions Code Section 14124.73 does not apply.

16.  This motion does not seek an order for payment of money to a special needs trust.  Lee Decl. at ¶ 17.

///

///

Disclosures pursuant to California Rule of Court 7.951

1. This petition was prepared by attorney Ranhee Lee (California State Bar Number 330979), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiff V.V. in this action. Lee Decl. at ¶ 18.

2. Plaintiff V.V.'s attorneys (the Law Offices of Dale K. Galipo) did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. Lee Decl. at ¶ 19.

3. Plaintiff V.V.'s attorneys (the Law Offices of Dale K. Galipo) are not employed by any other party or any insurance carrier involved in the matter. Lee Decl. at ¶ 20.

4. Plaintiff V.V.'s attorneys (the Law Offices of Dale K. Galipo) have not to date received any compensation for their services in connection herewith from any person. Lee Decl. at ¶ 21.

5. Plaintiff V.V. is the only Plaintiff in the above-referenced action that prevailed at trial. Plaintiff's attorneys (the Law Offices of Dale K. Galipo) expect to receive $866,000 in contingency attorneys' fees as set forth above. Lee Decl. at ¶ 22.

6. Plaintiff's attorneys accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee if any recovery is made on the case. The approximate lodestar amount of Plaintiffs' statutory attorneys' fees, with a 1.5 multiplier, is $1.11 million, but Plaintiffs' counsel agreed to settle this action for the amount of the jury award and a significant reduction in statutory attorneys' fees. Lee Decl. at ¶ 23.

Petitioner's Endorsement

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the Plaintiff V.V.'s claims, the parties responsible for the incident, and the nature, extent and seriousness of the

Plaintiff V.V.'s claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, Plaintiff V.V.'s will be forever barred from seeking any further recovery of compensation even though Plaintiff V.V.'s injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner Ms. Adan is informed and believes that Plaintiff V.V. has made sufficient recovery from the effects of his injuries and losses so as to justify the resolution of this matter in accordance with the terms of the settlement agreement. Petitioner recommends the compromise and the proposed distribution to Plaintiff V.V. to the Court as being fair, reasonable, and in the best interest of Plaintiff V.V. and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Accordingly, Petitioner Rosalia Adan, guardian *ad litem* for minor plaintiff V.V., requests that this Honorable Court enter the proposed annuity attached to the Lee Decl. as "Exhibit A" for Plaintiff V.V.

### III.  CONCLUSION

For the reasons above, Petitioner Rosalia Adan and Plaintiff V.V., through his guardian *ad litem*, respectfully submit that this Court should enter the proposed order submitted concurrently herewith.

Respectfully submitted,

DATED: January 25, 2023            LAW OFFICES OF DALE K. GALIPO

                                                                                 __/s/ Ranhee Lee_____
                                                                                 Dale K. Galipo
                                                                                  Renee V. Masongsong
                                                                                  Ranhee Lee
                                                                                  *Attorneys for Plaintiff*

## VERIFICATION BY MINOR'S GUARDIAN *AD LITEM*

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this 25 day of January, 2023, in Los Angeles, California.

*Rosalia adan*
Rosalia Adan

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF V.V.