**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| V.V., a minor, by and through guardian ad litem Rosalia Adan, individually and as successor in interest to Victor Valencia, deceased.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; COLIN LANGSDALE,<br><br>Defendants. | Case No. 2:21-cv-01889-MCS-PD<br><br>**ORDER APPROVING UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF V.V. (ECF Nos. 135 and 137)** |

The Court, having considered Plaintiff V.V.'s and Petitioner Rosalia Adan's unopposed ex parte application for compromise of the claims of minor Plaintiff V.V., (Appl., ECF Nos. 135, 137), hereby GRANTS the application and makes the following orders:

///

///

1

1.   The settlement of minor Plaintiff V.V.'s action against the Defendants, including Defendant City of Los Angeles, in the net amount of $1,282,242.60, is hereby approved.

2.   Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $2,500,000 within 20 days from the date this court issues this order, payable as follows:

   (a)   A draft for $1,217,757.40 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy (1) the contingency attorneys' fees owed to the Law Offices of Dale K. Galipo; (2) the costs owed to Plaintiff's attorneys; and (3) the statutory attorneys' fees owed to the Law Offices of Dale K. Galipo.

   (b)   Defendant City of Los Angeles will purchase a structured annuity for the minor Plaintiff V.V. in the amount of $1,282,242.60 from Met Life Assignment Company, Inc. (hereinafter referred to as "Assignee"), with the check for $1,282,242.60 made payable to Met Life Assignment Company, Inc., which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Ranhee Lee and in the table below. The total amount that V.V. will receive after the final payment is made to him from the annuity under this proposal is $2,930,000.

3.   Annuity Carrier shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Ranhee Lee and as set forth in the table below.

4. All sums and periodic payments set forth in the section entitled "Payments" constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

5. Disbursement drafts will be made payable and will begin being issued directly to V.V. upon reaching the age of maturity according to the payment schedule.

**Periodic Payments to Minor Plaintiff V.V.**

| | |
|---|---|
| $45,000 | Payable semi-annually, guaranteed 5 years only, to begin at age 18, with the last payment on 3/29/2035 |
| $50,000 | Lump Sum Payment at the age of 22 |
| $100,000 | Lump Sum Payment at the age of 24 |
| $175,000 | Lump Sum Payment at the age of 26 |
| $405,000 | Lump Sum Payment at the age of 28 |
| $750,000 | Lump Sum Payment at the age of 30 |
| $1,000,000 | Lump Sum Payment at the age of 35 |

6. Defendants will make a "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, to Assignee, of the Defendant's liability to make the periodic payments as described in the above table and in the exhibits to the Declaration of Ranhee Lee filed with the ex parte application. Such assignment, if made, shall be accepted by Plaintiff V.V. without right of rejection and shall completely release and discharge Defendant from such obligations hereunder as are assigned to Assignee. This includes that Defendant shall execute a Qualified Assignment document.

8. Defendants and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

9. Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

10. Assignee may have Annuity Carrier mail payments directly to V.V. when he reaches the age of majority, as set forth above. Rosalia Adan (until V.V. reaches the age of majority) and then V.V. shall be responsible for maintaining the currency of the proper mailing addresses and mortality information to Assignee.

**IT IS SO ORDERED.**

Dated: February 15, 2023

_____
Mark C. Scarsi
United States District Judge